## No. 6470.

SAMUEL LEE VS. T. F. KENDALL. PHILIP BOURON VS. T. F. KENDALL, PETER MARKEY ET AL., INTERVENORS AND THIRD OPPONENTS.

Improvements put upon land by the owner of it become by accession a part of the soil, so that a mortgage upon unimproved land attaches to the buildings afterwards erected on it.

No privilege can exist as against third persons unless recorded, and all persons who are not parties to a contract or a judgment are third persons as to it.

The privilege for materials furnished for a building can be preserved only by recording it. If therefore one elects to deliver materials from day to day, without written or verbal contract, and fails to record his affidavit as to the quantity, price, etc., he will have no privilege as against a mortgage or privilege creditor who has recorded his lien.

APPEAL from the Fifth District Court of New Orleans. CULLOM, J.

*H. D. & C. G. Ogden* for Plaintiffs. *Hornor & Benedict, Baker, Tucker,* and *Rice* for Intervenors Appellants.

The plaintiffs in the two suits held a mortgage upon the defendant's lot, which was unimproved when the mortgage was given and recorded, May 19, 1871. Buildings were erected on it shortly afterwards, and Markey had furnished the lumber used in their construction. The other intervenors had furnished other materials. Markey's

privilege was recorded August 12, 1871, for a sum stated in his affidavit as being due July 18, 1871.

None of the other intervenors had recorded their claims until later. The plaintiffs foreclosed their mortgage by executory process, and the sum realized from the sale was not more than sufficient to pay their mortgage.

EGAN, J.   By Art. 3274 C. C. such privilege (that for materials furnished) confers no preference over creditors who have acquired a mortgage, unless the act or the evidence of debt is recorded on the day that the contract is entered into.   If that is not done it takes effect only from the date of registry.   In this case that was subsequent to the registry of the plaintiff's mortgage to which therefore the privilege, not having been recorded the day it was acquired, must yield.

*Decreed accordingly.*

On application for rehearing.

SPENCER, J.   Appellee asks a rehearing on the grounds: 1st. That at the time plaintiff's mortgage was taken on the lots, they were unimproved, that the buildings on which appellee claims his privilege for material furnished, were placed on the lots after plaintiff's mortgage was granted.   That therefore it is not true to say, in the sense of Art. 3274 C. C., that plaintiffs were " creditors who have acquired a mortgage," and that therefore plaintiffs cannot invoke appellee's failure to record his lien *on the day of the contract*.   That appellee asserts no right of privilege *on the lots*, but only *on the buildings* and that plaintiffs are not third persons, in the sense of the law, who have loaned their money on the strength of the improvements on the lots, and are therefore in no wise injured by appellee's claim. Whilst there is much force in this view, still we do not see how we are to avoid the conclusion that plaintiffs come within the plain terms of Art. 3274.

All improvements put by the owner upon his land, become, by accession, a part of the soil, so that after a building is thus constructed, it is true to say that creditors, who before held mortgages on the unimproved lots, " have acquired mortgages " on the buildings also.   C. C. 3310.   The buildings having become inseparably connected with, and part of the soil, have passed under the operation of the

mortgage. The result of appellee's argument is, that as against one holding a mortgage on unimproved property, no registry whatever is necessary to preserve the privilege of contractors and material when on buildings subsequently built. We cannot accept this conclusion. The law — the constitution declares that no privilege shall exist as against third persons, unless recorded. The law defines who are third persons. " Third persons, with respect to a contract or judgment, are all who were not parties to it." C. C., last Art., paragraph 32, speaking of the inscription of mortgages, Art. 3343 declares, " By the words third persons used in the foregoing article, are to be understood all persons who are not parties to the act or to the judgment on which the mortgage is founded." No subtlety or ingenuity of argument can take the plaintiffs out of the class known to the law *as third persons;* and however inequitable may be the results, where the law is clear, we must adhere to it.

2nd. Appellee further urges that in point of fact there was not in this case any day on which " the contract " was " entered into," for the furnishing of the material, that it was delivered from day to day, in small quantities as ordered, and that it was impracticable and would have been destructive of all profit, for him to have had each dray receipt recorded as required by law.

If appellee saw proper to furnish materials for a building without a contract written or verbal to that effect, and if he saw proper to delay the recording of his affidavit as to the facts of the furnishing, from July, when the material was furnished, to 18th August, we do not see that he can attribute his losses to anything but his own negligence. Under the facts of this case, it can not be averred that appellee, in any sense, recorded the evidence of his privilege within the time required by law to preserve it against the plaintiffs.

*Rehearing refused.*